# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street SW, Suite 800<br>Washington, DC 20024,<br><br>        Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530-0001,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

- 2 -

responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Justice is an agency of the United States Government. Defendant has possession, custody, and control of records to which Plaintiff seeks access. Defendant is headquartered at U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001.

## STATEMENT OF FACTS

5. On October 24, 2016 Plaintiff submitted, via certified mail, a FOIA request to the Federal Bureau of Investigation ("FBI"), a component of Defendant, seeking the following:

> Any and all records of communication between Deputy FBI Director Andrew McCabe and any of the following individuals:
>
> - Any official within the office of the Governor of Virginia, including but not limited to Governor Terry McAuliffe;
>
> - Any official, representative or employee with the Democratic National Committee;
>
> - Any official, representative or employee with the Democratic Party of Virginia.

The time frame for the requested records was given as March 1, 2015 to the present.

6. According to U.S. Postal Service records, Defendant received Plaintiff's request on October 27, 2016.

7. By letter dated November 15, 2016, Defendant acknowledged receiving Plaintiff's request and advised Plaintiff that the request had been assigned FOIPA Request No. 1361280-000.

8. As of the date of this Complaint, Defendant has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from

production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

### COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

9. Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10. Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

11. To trigger FOIA's administrative exhaustion requirement, Defendant was required to determine whether to comply with Plaintiff's request within twenty (20) working days of receiving the request. Accordingly, Defendant's determination was due on or about November 29, 2016. At a minimum, Defendant was required to: (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination. *See*, *e.g.*, *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

12. Because Defendant failed to determine whether to comply with Plaintiff's request within the time period required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies. 5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the

request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to the request and a Vaughn index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: July 26, 2017　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　*/s/ Jason B. Aldrich*
　　　　　　　　　　　　　　　　　　　　　　JASON B. ALDRICH
　　　　　　　　　　　　　　　　　　　　　　D.C. Bar No. 495488
　　　　　　　　　　　　　　　　　　　　　　JUDICIAL WATCH, INC.
　　　　　　　　　　　　　　　　　　　　　　425 Third Street SW, Suite 800
　　　　　　　　　　　　　　　　　　　　　　Washington, DC 20024
　　　　　　　　　　　　　　　　　　　　　　(202) 646-5172

　　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*